**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DARLA ELLIS, ) | Civil Action |
| Plaintiff, ) | |
| ) | No.:_____ |
| v. ) | |
| ) | Jury Trial Demanded |
| HARRISBURG AREA COMMUNITY ) | |
| COLLEGE; THOMAS DICK, individually and in ) | |
| his capacity as Director of Student Account ) | |
| and Cashiering for Harrisburg Area Community ) | |
| College; MEREDITH TULLI, individually and in ) | |
| her capacity as Human Resources Director for ) | |
| Harrisburg Area Community College; and ) | |
| BARBARA L. HUTCHINSON, individually and in ) | |
| her capacity as Controller for Harrisburg Area ) | **COMPLAINT** |
| Community College ) | |
| Defendants. ) | ELECTRONICALLY FILED |

**INTRODUCTION**

1. The Plaintiff, DARLA ELLIS, is an adult citizen of the United States of America is a resident of the City of Harrisburg, County of Dauphin, Commonwealth of Pennsylvania.

2. The Defendant, HARRISBURG AREA COMMUNITY COLLEGE ("HACC"), is a local educational institution duly incorporated under 24 P.S. §19-1901A *et. seq.* within the Commonwealth of Pennsylvania with a local sponsor with its principal place of business located at One HACC Drive, Harrisburg, County of Dauphin, Commonwealth of Pennsylvania and receives Federal Financial Assistance.

3. The Defendant, THOMAS DICK, is an adult citizen of the United States of America and was at all relevant times an employee of the Harrisburg Area Community

1

College, holding the position of Director of Student Accounting and Cashiering. Through information and belief, Defendant is a resident of the City of Shippensburg, County of Cumberland, Commonwealth of Pennsylvania. At all times relevant hereto, Defendant, Thomas Dick, was acting in his official capacity as Director of Student Accounting and Cashiering and in his individual capacity.

4. The Defendant, MEREDITH TULLI, is an adult citizen of the United States of America and was at all relevant times an employee of the Harrisburg Area Community College, holding the position of Executive Director of Human Resources, maintaining a business address at One HACC Drive, Harrisburg, County of Dauphin, Commonwealth of Pennsylvania. At all times relevant hereto, Defendant, Meredith Tulli, was acting in her official capacity as Human Resources Director and in her individual capacity.

5. The Defendant, BARBARA HUTCHINSON, is an adult citizen of the United States of America and was at all relevant times an employee of the Harrisburg Area Community College, holding the position of Controller maintaining a business address at One HACC Drive, Harrisburg, County of Dauphin, Commonwealth of Pennsylvania. At all times relevant hereto, Defendant, Barbara Hutchinson, was acting in her official capacity as Controller and in her individual capacity.

6. This action arises under the United States Constitution, particularly the provisions of the Fourteenth Amendment to the Constitution of the United States, and under federal law, particularly under the Civil Rights Act, Title 42 of the United States Code §2000e, *et. seq.*, As Amended, Title VII of the Civil Rights Act of 1964; 42 U.S.C. §1981, *et. seq.*; 42 U.S.C. §1983, *et. seq.*; 42 U.S.C. §1985, *et. seq.*; 42 U.S.C. §1988, *et. seq.*; Pennsylvania Human Relations Act (PHRA), 43 Pa.C.S. §951, *et. seq.*

## JURISDICTION AND VENUE

7.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, and 1343. This action is authorized and instituted pursuant to Sections 706(f)(l) Title VII of the Civil Rights Act of 1964, As Amended, 42 U.S.C. §2000e-5(c), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

8.      Venue in this Court is proper under 28 U.S.C. §1391 and this Court has personal jurisdiction over the Defendants in this matter because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

9.      All conditions precedent to the institution of this suit has been fulfilled.  Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII; in particular, Plaintiff duel filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.  The United States Department of Justice issued a Notice of Right to Sue on August 30, 2005.

10.     At all times herein, Plaintiff has been a "person" and/or "employee" as defined under the statutes referenced herein.

11.     At all times herein, Plaintiff was an African American female and a member of a protected minority class pursuant to state and federal laws cited herein, including Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, *et seq.*; 42 P.S. §951, *et. seq.*

12. At all times herein, each of the Defendants have been a "person" and/or "employer" within the meaning of Sections 701(b), (g), and (h) of Title U.S.C. §2000-e (b), (g), and (h).

13. At all times herein, HACC employs fifteen or more employees for each working day in each of twenty or more calendar weeks within the meaning of Section 701 (b) of Title U.S.C. §2000-e (b).

14. Each of the acts of Defendants alleged in this Complaint were done by Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Pennsylvania and under the authority of their office as employees and agents of Defendant, HACC, and as such their acts were imputed to HACC.

## FACTS

15. At all relevant times hereto, Plaintiff was a student enrolled at HACC and an employee of HACC as an accounting clerk in the business office for approximately four years.

16. At all relevant times, each of the Defendants had a supervisory role over the Plaintiff.

17. On or about February 1, 2002, Plaintiff filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") that was jointly filed with the United States Equal Employment Opportunity Commission ("EEOC"), docketed at PHRC Case No. 20020611, wherein Plaintiff alleged racial discrimination against her by HACC.

18. At all relevant times, each of the Defendants was aware of Plaintiff's complaint filed with PHRC and EEOC (collectively "PHRC Complaint").

4

19. Prior to filing her PHRC complaint, Plaintiff had received exemplary performance reviews.

20. At all relevant times hereto, Plaintiff was qualified and exhibited competence for the accounting clerk position in which she was employed at HACC.

21. Prior to Plaintiff's filing of the PHRC Complaint, Plaintiff did not receive disciplinary warnings for her job performance at HACC.

22. On or about May 21, 2003, the PHRC issued a determination of no probable cause regarding Plaintiff's PHRC complaint.

23. Plaintiff's filing of her PHRC complaints, as well as her expressed interest in participating in a minority caucus group, constituted protected activities pursuant to 42 U.S.C. §2000e-5 (Title VII).

24. At all relevant times, each of the Defendants to this action knew or should have known that Plaintiff had participated in protected activity under state and federal law.

25. Following the filing of Plaintiff's PHRC Complaint, she was subject to repeated abuse, harassment and adverse employment actions by Defendants substantially based on her race and/or participation in protected employee activity.

26. Motivated substantially or solely as a result of Plaintiff's participation in protected activity, each of the Defendants engaged in a campaign of retaliation against Plaintiff for participating in said protected activity.

27. The aforementioned discriminatory conduct, retaliatory conduct and substantial adverse actions of the Defendants include:

    a. Prior to July 3, 2003, Thomas Dick presented Plaintiff with job listings for outside employment and told her she should seek those positions;

5

b. On or about July 3, 2003, Barbara Hutchinson and Thomas Dick notified Plaintiff that her position was being eliminated and instructed Plaintiff to apply for another HACC position for which she was not reasonably considered as a result of the actions of the Defendants;

c. All of the Defendants, individually and in concert, took action to prevent Plaintiff from obtaining job promotions and pay raises with respect to positions for which the Plaintiff applied and was qualified;

d. On or about August 22, 2003, Thomas Dick arranged to have campus security present at and around Plaintiff's work station upon Plaintiff's return from her vacation;

e. On or about August 22, 2003, Thomas Dick barred Plaintiff access to the campus computer system and threateningly chastised at her in front of staff members and physically restrained Plaintiff from leaving the office;

f. On or about August 23, 2003, Thomas Dick issued a verbal warning to Plaintiff for a violation of the finance department policy of not taking classes during working hours and did not issue such a warning to other employees who also engaged in such activity and who were outside her protected class;

g. Thomas Dick refused Plaintiff permission to attend a class during her lunch break and instead intentionally scheduled her lunch break in direct conflict of the scheduled class time;

h. Plaintiff did not receive yearly performance reviews as the other employees who were outside her protected class did;

    i. On or about August 25, 2003, Plaintiff was terminated from employment by Thomas Dick, Barbara Hutchinson and Meredith Tulli for the stated reason that Plaintiff's position was being eliminated;

    j. Each of the Defendants took part in the decision to terminate Plaintiff's employment;

    k. Defendants' termination of Plaintiff was pretextual and for the substantial purpose of retaliation and/or discrimination against Plaintiff;

    l. Defendants, individually and in concert, have retaliated and discriminated against Plaintiff in that Plaintiff's position was terminated based on invalid and false documentation;

    m. Defendants Dick, Tulli, and Hutchinson have at various times issued warnings or discipline to Plaintiff for activity which did not warrant warnings or discipline;

    n. Otherwise engaged in harassment and intimidation of the Plaintiff;

    o. Plaintiff's termination was solely the result of Defendants' discriminatory practices based on Plaintiff's race and/or as retaliation for Plaintiff's participation in protected activities, filing of a PHRC Complaint, and participation in minority caucus groups.

28. The actions of Defendants aforesaid created a hostile and intimidating work environment for the Plaintiff that was not directed to other employees at HACC who were outside Plaintiff's protected class.

29. The actions of Defendants aforesaid were substantially motivated by Plaintiff's participation in protected activity and/or on the basis of Plaintiff's race.

30. The actions taken by the Defendants aforesaid were reckless, wanton and/or intentional and for the purpose of retaliation against the Plaintiff for engaging in protected activity and causing the Plaintiff emotional distress.

31. By reason of the conduct of the Defendants, Plaintiff has suffered loss of earnings, potential income, benefits, humiliation, embarrassment and emotional distress, all to the damage of the Plaintiff.

## COUNT I

32. Plaintiff repeats and incorporates by reference herein the allegations contained in Paragraphs 1 - 31 as if set forth at length.

33. The conduct of the Defendants, individually and through their agents, servants and employees, deprived Plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States, including:

   a. The right of the Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteen Amendment to the Constitution of the United States and the laws and Constitution of the Commonwealth of Pennsylvania.

   b. The acts of the Defendants were performed knowingly, intentionally, recklessly and maliciously, by reason of which Plaintiff is entitled to an award of punitive damages.

34. As a direct result of the conduct of the Defendants aforesaid, Plaintiff has suffered loss of earnings, potential income, benefits, humiliation, embarrassment and emotional distress, all to the damage of the Plaintiff.

**WHEREFORE**, Plaintiff seeks judgment in her favor and against Defendants for compensatory damages, interest, statutory damages, punitive damages, costs and attorney's fees associated with the filing in pursuit of this action pursuant to 42 U.S.C. § 1983 and/or 42 U.S.C. § 1988, together with any other relief to which the Plaintiff is entitled as a matter of law or which the Court deems appropriate.

## COUNT II

35. Plaintiff repeats and incorporates by reference herein the allegations contained in Paragraphs 1 - 34 as if set forth at length.

36. The actions of the Defendants, individually and through their agents, servants and employees, deprived Plaintiff of her right to engage in protected activity without retaliation in violation of Civil Rights Act, Title 42 of the United States Code, § 2000e, *et. seq.* (Title VII).

37. The acts of the Defendants were performed knowingly, intentionally, recklessly and maliciously, by reason of which Plaintiff is entitled to an award of punitive damages.

38. As a direct result of the conduct of the Defendants aforesaid, Plaintiff has suffered loss of earnings, potential income, benefits, humiliation, embarrassment and emotional distress, all to the damage of the Plaintiff.

**WHEREFORE**, Plaintiff seeks judgment in her favor and against Defendants for compensatory damages, interest, statutory damages, punitive damages, costs and attorney's fees associated with the filing in pursuit of this action pursuant to 42 U.S.C. §2000e, *et. seq.*; and/or 42 U.S.C. §1983, *et. seq.* and 42 U.S.C. §1988, *et. seq.*; together with any other relief to which the Plaintiff is entitled as a matter of law or which the Court deems appropriate.

9

## COUNT III

39. Plaintiff repeats and incorporates by reference herein the allegations contained in Paragraphs 1 - 38 as if set forth at length.

40. The actions of the Defendants, individually and through their agents, servants and employees, constitute harassment and racial discrimination against Plaintiff in violation of 42 U.S.C. §1981.

41. The acts of the Defendants were performed knowingly, intentionally, recklessly and maliciously, by reason of which Plaintiff is entitled to an award of punitive damages.

42. As a direct result of the conduct of the Defendants aforesaid, Plaintiff has suffered loss of earnings, potential income, benefits, humiliation, embarrassment and emotional distress, all to the damage of the Plaintiff.

**WHEREFORE**, Plaintiff seeks judgment in her favor and against Defendants compensatory damages, interest, statutory damages, punitive damages, costs and attorney's fees associated with the filing in pursuit of this action pursuant to 42 U.S.C. §1981 and/or 42 U.S.C. §1983 and 42 U.S.C. §1988, *et. seq.*, together with any other relief to which the Plaintiff is entitled as a matter of law or which the Court deems appropriate.

## COUNT IV

43. Plaintiff repeats and incorporates by reference herein the allegations contained in Paragraphs 1 – 42 as if set forth at length.

44. The conspired Defendants, individually and through their agents, servants and employees, conspired to interfere with and deprive Plaintiff of equal protection under the

law and/or equal privileges and immunities secured to her by the Fourteenth Amendment and 42 U.S.C. §1985.

45. The acts of the Defendants were performed knowingly, intentionally, recklessly and maliciously, by reason of which Plaintiff is entitled to an award of punitive damages.

46. As a direct result of the conduct of the Defendants aforesaid, Plaintiff has suffered loss of earnings, potential income, benefits, humiliation, embarrassment and emotional distress, all to the damage of the Plaintiff.

**WHEREFORE**, Plaintiff seeks judgment in her favor and against Defendants for compensatory damages, interest, statutory damages, punitive damages, costs and attorney's fees associated with the filing in pursuit of this action pursuant to 42 U.S.C. §1985 and/or 42 U.S.C.A. §1983 and 42 U.S.C. §1988, together with any other relief to which the Plaintiff is entitled as a matter of law or which the Court deems appropriate.

## COUNT V

47. Plaintiff repeats and incorporates by reference herein the allegations contained in Paragraphs 1 – 46 as if set forth at length.

48. The actions of the Defendants, individually and through their agents, servants and employees, aforesaid constitute violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et. seq.*, including harassment and intimidation in retaliation of Plaintiff's participation in protected activity and discrimination on the basis of Plaintiff's race.

49. The acts of the Defendants were performed knowingly, intentionally, recklessly and maliciously, by reason of which Plaintiff is entitled to an award of punitive damages.

50. As a direct result of the conduct of the Defendants aforesaid, Plaintiff has suffered loss of earnings, potential income, benefits, humiliation, embarrassment and emotional distress, all to the damage of the Plaintiff.

**WHEREFORE**, Plaintiff seeks judgment in her favor and against Defendants for compensatory damages, interest, statutory damages, punitive damages, costs and attorney's fees associated with the filing in pursuit of this action pursuant to 43 P.S. §951, *et. seq.* and/or 42 U.S.C.A. § 1983 and 42 USCS § 1988, together with any other relief to which the Plaintiff is entitled as a matter of law or which the Court deems appropriate.

## COUNT VI

51. Plaintiff repeats and incorporates by reference herein the allegations contained in Paragraphs 1 - 50 as if set forth at length.

52. The actions of the Defendants, individually and through their agents, servants and employees, aforesaid constitute intentional infliction of emotional distress pursuant to Pennsylvania law.

53. The acts of the Defendants were performed knowingly, intentionally, recklessly and maliciously, by reason of which Plaintiff is entitled to an award of punitive damages.

54. As a direct result of the conduct of the Defendants aforesaid, Plaintiff has suffered loss of earnings, potential income, benefits, humiliation, embarrassment and emotional distress, all to the damage of the Plaintiff.

**WHEREFORE**, Plaintiff seeks judgment in her favor and against Defendants for compensatory damages, interest, statutory damages, punitive damages, costs and attorney's fees associated with the filing in pursuit of this action pursuant to Pennsylvania

law and/or 42 U.S.C.A. § 1983 and/or 42 USCS § 1988, together with any other relief to which the Plaintiff is entitled as a matter of law or which the Court deems appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATE: _11-28-2005__                    BY:___/s/_ Thomas A. Archer_____
                                                                 THOMAS A. ARCHER, ESQUIRE
                                                                 PA 73293
                                                                 3747 Derry Street
                                                                 P.O. Box 5056
                                                                 Harrisburg, PA 17110-0056
                                                                 717.233.8676 FAX 717.233.8675
                                                                 tarcher@thomasarcherlaw.com
                                                                 *Attorney for Plaintiff, Darla Ellis*

Case 3:05-cv-06024-NYK Document 69-1 Filed 11/28/2005 Page 13 of 13