IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLA ELLIS, | : |
|     Plaintiff | : No.: 1:05-CV-02466-YK |
| | : |
| v. | : **Filed Electronically** |
| | : |
| HARRISBURG AREA COMMUNITY | : |
| COLLEGE; THOMAS DICK, individually | : Honorable Yvette Kane |
| And in his capacity as Director of Student | : |
| Account and Cashiering for Harrisburg | : |
| Area Community College; MEREDITH | : |
| TULLI, individually and in her capacity as | : |
| Human Resources Director for Harrisburg | : |
| Area Community College; and BARBARA | : |
| L. HUTCHINSON, individually and in her | : |
| Capacity as Controller for Harrisburg Area | : |
| Community College | : |
|     Defendants | : |

## ANSWER WITH AFFIRMATIVE DEFENSES

The Defendants, Harrisburg Area Community College, Thomas Dick, Meredith Tulli and Barbara L. Hutchinson, by and through their counsel, Marshall, Dennehey, Warner, Coleman & Goggin, hereby Answer Plaintiff's Complaint and in support thereof state the following:

1. Admitted upon information and belief.

2. Admitted in part, denied in part. It is admitted only that Harrisburg Area Community College is a local educational institution with a principal place of business located at One HACC Drive, Harrisburg, Dauphin County, Pennsylvania. The remaining allegations are denied as conclusions of law.

3. Admitted in part, denied in part. It is admitted only that Thomas Dick is an adult individual who was previously employed as the Director of Student Accounting and Cashiering for the Harrisburg Area Community College and further that Defendant, Thomas Dick, is a resident of the City of Shippensburg, Cumberland County, Pennsylvania. It is specifically denied that at any time material to Plaintiff's allege cause of action, Thomas Dick acted in an individual capacity. To the contrary, Mr. Dick was at all times material to Plaintiff's alleged cause of action, acting within his official capacity as the Director of Student Accounting and Cashiering for the Harrisburg Area Community College.

4. Admitted in part, denied in part. It is admitted that Meredith Tulli is an adult individual who presently holds the position of Executive Director of Human Resources, Harrisburg Area Community College and was at all times material to Plaintiff's alleged cause of action, acting within her official capacity as such. It is specifically denied that at any time material to Plaintiff's alleged cause

of action, Meredith Tulli acted in her individual capacity and/or outside the scope of her employment for the Harrisburg Area Community College.

    5.    Admitted in part, denied in part.  It is admitted that Defendant Barbara Hutchinson is an adult individual who, at all times material to Plaintiff's alleged cause of action, is and remains employed a the Controller for the Harrisburg Area Community College and, further, acted in her official capacity as such at all times material to Plaintiff's alleged cause of action.  It is specifically denied that Ms. Hutchinson acted in her individual capacity and/or outside the scope of her employment for the Harrisburg Area Community College.

    6.    Denied as conclusions of law.

    7.    It is admitted that this Court has jurisdiction over the subject matter of Plaintiff's Complaint.

    8.    It is admitted that venue is proper.

    9.    Denied.

    10.    Denied as a conclusion of law.

    11.    Admitted in part, denied in part.  It is admitted only that Plaintiff is an African American female.  The remaining allegations are denied as conclusions of law.

    12.    Denied.

    13.    Admitted.

14. Admitted in part, denied in part. It is admitted only that all times material to Plaintiff's alleged cause of action, the individual Defendants were employed by the Harrisburg Area Community College and at all times acted within the scope and authority of their respective employment. The remaining allegations are denied as conclusions of law.

15. Admitted in part, denied in part. It is admitted only that Plaintiff was a student enrolled at HACC, from time to time, and was a full-time employee of HACC as an accounting clerk within the Office of Student Accounting and Cashiering for a period of four years.

16. Admitted in part, denied in part. It is admitted only that Defendant, Thomas Dick, had supervisory authority over the Plaintiff. Mr. Dick reported to Barbara Hutchinson. Meredith Tulli is the Director of Human Resources, and neither Ms. Hutchinson nor Mr. Dick, nor Plaintiff reports to her.

17. Admitted.

18. Admitted.

19. Admitted in part, denied in part. It is admitted only that Plaintiff received one performance review prior to filing her PHRC Complaint, and that part of her performance was deemed to have exceeded expectations. Other parts of the review were deemed to have met expectations. Ms. Ellis received a subsequent performance review in 2003.

20. Admitted.

21. Admitted with qualification. Plaintiff received a single disciplinary verbal warning during her employment tenure with HACC.

22. Admitted.

23. Denied as conclusions of law.

24. Denied. Defendants were unaware that Plaintiff participated in the "minority caucus group", and deny that the same constitutes protective activity under Title 7.

25. Denied.

26. Denied.

27. Denied. By way of further response, Defendants assert the following:

    a. Denied. Plaintiff's position was being eliminated as the result of a restructuring within the Accounting and Cashiering Department;

        1. An advertisement within Plaintiff's job qualifications was presented to her to assist in locating alternate employment;

    b. Admitted in part, denied in part. It is admitted only that Plaintiff was provided notice that her position would be eliminated within ninety (90) days. It is further admitted that

        Ms. Hutchinson and Mr. Dick attempted to assist Plaintiff to relocate to another position at the college, however Plaintiff refused the offer;

c.     Denied. Plaintiff at all times material to her employment tenure at Harrisburg Area Community College, was provided with appropriate promotions and raises and was not deprived of any pecuniary benefit whatsoever;

d.     Denied. On our about August 22, 2003, Plaintiff had returned one day early from vacation, attempted to utilize her computer, at which point access was denied. Campus security coincidentally was present in the Accounting and Cashiering Department at the time, however, was not summoned by anyone in the Department, including but not limited to Mr. Dick;

e.     Admitted in part, denied in part. It is admitted that on August 22, 2003, Plaintiff and Defendant Thomas Dick entered into a verbal altercation near her desk within the Accounting and Cashiering Department as the result of access to her computer being denied. Mr. Dick did not threateningly chastise her in front of other staff members and did not physically restrain

6

       Plaintiff from leaving the office. To the contrary, Plaintiff chose to and did leave the office contrary to instructions given to her by Mr. Dick;

f. Denied. The conversation regarding Plaintiff's daytime enrollment in classes was not held on August 23, 2003, rather it was held well prior to that day and simply involved Plaintiff being apprised of the fact that no one within the Finance Department was permitted to take daytime classes at HACC. Plaintiff, along with every employee within the Department, was so advised, without exception;

g. Admitted in part, denied in part. It is admitted that Plaintiff was not allowed to enroll in daytime classes while she was employed within the Accounting and Cashiering Department. Part of the reason for that role was that the staff members needed maintain flexibility to modify their lunch hour commensurate with the volume of office traffic on a given day;

h. Denied. Plaintiff received employment performance evaluations as did every other employee within the Finance Department, and in particular, the Accounting and Cashiering Department;

      i.    Denied.  Plaintiff returned to the office on August 25, 2003, but not with the intention of continuing to work.  Rather, she was invited by Meredith Tulli, the Executive Director of Human Resources, to discuss with Ms. Tulli the events taking place on August 22, 2003.  Plaintiff simply chose not to return to work after that date;

      j.    Denied.  To the contrary, Plaintiff voluntarily terminated her own employment;

      k.    Denied.  Plaintiff voluntarily terminated her own employment with full knowledge that her position was being eliminated on October 3, 2003;

      l.    Denied;

      m.    Denied;

      n.    Denied;

      o.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

## COUNT I

32. The Answering Defendants incorporate herein their responses to Paragraphs 1 through 32 above as fully as if the same were set forth at length.

33. Denied as a conclusion of law.

34. Denied as a conclusion of law.

Wherefore, the Answering Defendants request this Honorable Court to dismiss Count I of Plaintiff's Complaint and to enter Judgment in their favor together with such other relief that the Court may deem appropriate.

## COUNT II

35. The Answering Defendants incorporate herein their responses to Paragraphs 1 through 34 above as fully as if the same were set forth at length.

36-38. Denied.

Wherefore, the Answering Defendants request this Honorable Court to dismiss Count II of Plaintiff's Complaint and to enter Judgment in their favor together with such other relief that the Court may deem appropriate.

## COUNT III

39. The Answering Defendants incorporate herein their responses to Paragraphs 1 through 38 above as fully as if the same were set forth at length.

40-42. Denied.

Wherefore, the Answering Defendants request this Honorable Court to dismiss Count III of Plaintiff's Complaint and to enter Judgment in their favor together with such other relief that the Court may deem appropriate.

### **COUNT IV**

43. The Answering Defendants incorporate herein their responses to Paragraphs 1 through 42 above as fully as if the same were set forth at length.

44-46. Denied.

Wherefore, the Answering Defendants request this Honorable Court to dismiss Count IV of Plaintiff's Complaint and to enter Judgment in their favor together with such other relief that the Court may deem appropriate.

### **COUNT V**

47. The Answering Defendants incorporate herein their responses to Paragraphs 1 through 46 above as fully as if the same were set forth at length.

48-50. Denied.

Wherefore, the Answering Defendants request this Honorable Court to dismiss Count V of Plaintiff's Complaint and to enter Judgment in their favor together with such other relief that the Court may deem appropriate.

### **COUNT VI**

51. The Answering Defendants incorporate herein their responses to Paragraphs 1 through 50 above as fully as if the same were set forth at length.

52-54.  Denied.

Wherefore, the Answering Defendants request this Honorable Court to dismiss Count VI of Plaintiff's Complaint and to enter Judgment in their favor together with such other relief that the Court may deem appropriate.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be or are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendants invoke each and every defense available under Title 7, 42 U.S.C.S. §2000(e) et seq.

### FOURTH AFFIRMATIVE DEFENSE

Defendants invoke each and every defense available under Title 42, U.S.C.S. §1981, 1983, 1985, 1986, 1988.

### FIFTH AFFIRMATIVE DEFENSE

Defendants invoke each and every defense available under the Pennsylvania Human Relations Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, Darla Ellis, failed to mitigate her own damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendants and/or her ability to recover are precluded by virtue of Plaintiff's refusal of alternate employment by the Defendant, Harrisburg Area Community College when she was apprised that her position was being eliminated due to a department restructuring.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

BY: s/Sharon M. O'Donnell
SHARON M. O'DONNELL, ESQ.
I.D. NO. 79457
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
(717) 651-3503
*Attorneys for Defendants*

Dated:  February 2, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a true and correct copy of the foregoing on all counsel of record via electronic filing on the date set forth below as follows:

Thomas A. Archer, Esquire
Law Offices of Thomas A. Archer
3747 Derry Street
P.O. Box 5056
Harrisburg, PA 17110-0056

                        **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

                        BY: s/Sharon M. O'Donnell
                            SHARON M. O'DONNELL, ESQUIRE

DATE: February 2, 2006

\05_A\LIAB\SMO\LLPG\211345\JNK\19024\00175