**FILED ELECTRONICALLY**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLA ELLIS,<br>　　　　Plaintiff | :<br>: No.: 1:05-CV-02466-YK<br>: |
| v. | : Filed Electronically<br>: |
| HARRISBURG AREA COMMUNITY COLLEGE; THOMAS DICK, individually And in his capacity as Director of Student Account and Cashiering for Harrisburg Area Community College; MEREDITH TULLI, individually and in her capacity as Human Resources Director for Harrisburg Area Community College; and BARBARA L. HUTCHINSON, individually and in her Capacity as Controller for Harrisburg Area Community College<br>　　　　Defendants | :<br>: Honorable Yvette Kane<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**STATEMENT OF UNDISPUTED FACTS**

Pursuant to and in accordance with F.R.C.P. 56 and Local Rule 56.1, Defendants Harrisburg Area Community College ("HACC"), Thomas Dick, Meredith Tulli and Barbara L. Hutchinson, hereby submit the following Statement of Undisputed Facts in support of their Motion for Partial Summary Judgment:

**Background**

1. Plaintiff Darla Ellis is an African American female. (Plaintiff's Complaint, ¶11). Defendants admit this fact as undisputed. (Defendants' Answer, ¶11).

2. Plaintiff previously was employed by the Harrisburg Area Community College ("HACC") as an Accounting Clerk in the Student Accounts and Cashiering Services Department[1] (which in turn was part of the Finance Department) of HACC's Harrisburg campus during the time period June 1998 through and including August 25, 2003. (Plaintiff's Complaint, ¶¶15, 27i.).

3. As an Accounting Clerk, Plaintiff was responsible for maintaining the student loan deferred (i.e. monthly) payment plan for students attending all of HACC's campuses, including the Harrisburg campus. (Deposition Testimony of Meredith Tulli, p. 18, lines 13 – 17).

4. Plaintiff also was enrolled as a student at HACC during the same time period. (Plaintiff's Complaint, ¶15).

---

[1] For ease of reference, the Student Accounts and Cashiering Services Department hereinafter shall be referred to as "Student Accounts."

**Finance Department Policy Concerning Scheduling Day Classes**

5.     Barbara Hutchinson, who was the supervisor of the Finance Department, implemented a policy in or around 2000 that prohibited employees in the Finance Department from enrolling in or attending classes that conflicted with their daily work schedules.  (Deposition Testimony of Barbara Hutchinson, p. 27, lines 4 -7; p. 29, lines 10 – 13; Deposition Testimony of Meredith Tulli, p. 35 lines 2 – 6; Deposition Testimony of Thomas Dick, p. 25, lines 21-24; Deposition Testimony of Darla Ellis, p. 18, line 14  - p. 19, line 3.).

6.     As part of this policy, no Finance Department employees were permitted to schedule or attend classes during their lunch hour.  (Deposition Testimony of Cheri Houston, p. 24, lines 19-20)

7.     Plaintiff was aware of the Finance Department's policy prohibiting enrollment in or attendance of classes during the work day.  (Deposition Testimony of Darla Ellis, p. 18, line 14  - p. 19, line 3; Deposition Testimony of Thomas Dick, p. 26, lines 14-17).

8.     Nonetheless, Plaintiff on at least one occasion attempted to register for a daytime course, even though she was aware that she was not permitted to do so. (Deposition Testimony of Barbara Hutchinson, p. 27, lines 4 – 8).

9.     Plaintiff was verbally reprimanded by Thomas Dick, the former Director of Student Accounting and Cashiering and Plaintiff's immediate

supervisor, for attempting to register for a class during the day without his approval. (Deposition Testimony of Meredith Tulli, p. 53, lines 1 – 5).

**Plaintiff's First PHRC Complaint**

10.   Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") on or about January 15, 2003 under Docket No. 2002-06111 against HACC alleging race discrimination.  The Complaint was simultaneously filed with the Equal Employment Opportunity Commission ("EEOC") under Charge No. 17FA361611.

11.   In her PHRC Complaint, Plaintiff alleged <u>inter alia</u> that she was denied the opportunity to attend an Accounting II course during the work day because of her race.  (Exhibit "H"; Deposition Testimony of Meredith Tulli, p. 33, line 21 – p. 34, line 4).

12.   On or about May 21, 2003, the PHRC issued a finding of no probable cause concerning the allegations in Plaintiff's Complaint.

**Plan to Decentralize Administration of Monthly Payment Plan**

13.   In or about October 2002, Mr. Dick, Ms. Hutchinson, Lori Amspacher, who held a supervisory position in the Student Accounts and Cashiering Department, as well as the respective deans of HACC's Lancaster and Lebanon branch campuses, began to engage in discussions about "decentralizing" the student loan deferred payment program, which was being administered

exclusively by the Student Accounts and Cashiering Department at the Harrisburg campus. (Deposition Testimony of Meredith Tulli, p. 73, line 6 – 14; Deposition Testimony of Thomas Dick, p. 32, lines 18-21).

14. The proposed decentralization plan entailed each of HACC's several campuses assuming responsibility for processing the deferred student loan program for and on behalf of their own respective students. (Deposition Testimony of Meredith Tulli, p. 20, lines 15 -16; Deposition Testimony of Lori Amspacher, p. 27, lines 2-10; Deposition Testimony of Cheri Houston, p. 29, line 25 – p. 30, line 1.).

15. The proposed decentralization plan also entailed the elimination of Plaintiff's Accounting Clerk position. (Deposition Testimony of Thomas Dick, p. 35, lines 11-20).

16. The Accounting Clerk position was considered for elimination because that position worked exclusively in administering the monthly payment plan. (Deposition Testimony of Thomas Dick, p. 41, lines 10-13).

17. The goal of the decentralization was to improve efficiency and customer service for all of HACC's students enrolled in the monthly payment plan. (Deposition Testimony of Barbara Hutchinson, p. 22, lines 8 – 16; Deposition Testimony of Thomas Dick, p. 36, line 21 – p. 37, line 5.).

18. A formal decentralization plan was presented to the Human Resources department by Mr. Dick and Ms. Hutchinson in or about June 2003. (Deposition Testimony of Meredith Tulli, p. 79, lines 16 – 21).

19. Plaintiff's position was eliminated as a result of the implementation of the formal decentralization plan. (Deposition Testimony of Barbara Hutchinson, p. 14, lines 18 – 20; Deposition Testimony of Meredith Tulli, p. 100, lines 6 - 13).

**Notification to Plaintiff of Elimination of Accounting Clerk Position**

20. Plaintiff was informed in late June or early July 2003 during a meeting with Mr. Dick, Ms. Hutchinson and Ms. Tulli that her Accounting Clerk position was being eliminated, effective as of October 3, 2003. (Deposition Testimony of Darla Ellis, p. 73, lines 4-24; Deposition Testimony of Meredith Tulli, p. 100, lines 15 – 25; p. 101, line 21 – p. 102, line 8).

21. On July 29, 2003, correspondence was sent from Meredith Tulli to Plaintiff confirming the elimination of her position, effective October 3, 2003. This letter indicated that Plaintiff's benefits would continue through October 31, 2003, including medical and/or dental coverage.

22. Plaintiff also was informed that she would be afforded an opportunity to seek employment elsewhere with HACC. (Deposition Testimony of Meredith Tulli, p. 102, lines 11 – 12).

23. HACC maintains an open job position listing at all times. (Deposition Testimony of Barbara Hutchinson, p. 25, lines 4 – 5).

24. HACC's supervisory personnel also endeavored to assist Plaintiff in obtaining another position with the college. (Deposition Testimony of Barbara Hutchinson, p. 22, lines 5 – 7; Deposition Testimony of Meredith Tulli, ).

25. It was Plaintiff's obligation to apply for any other available positions, however. (Deposition Testimony of Barbara Hutchinson, p. 25, lines 6 – 10).

26. Plaintiff did not look for other employment after she was verbally notified in late June or early July 2003 that her position was being eliminated. (Deposition Testimony of Darla Ellis, p. 74, lines 4-9).

27. Plaintiff does not recall whether she looked for other employment after she received written notice on July 29, 2003 that her position was being eliminated. (Deposition Testimony of Darla Ellis, p. 53, line 21 – p. 54, line 1).

28. In an effort to assist Plaintiff in finding other employment, Mr. Dick located an available position in a newspaper classified advertisement to which he believed Plaintiff would be well suited. The position involved better pay and more responsibility than Plaintiff's Accounting Clerk position. Mr. Dick gave Plaintiff

the advertisement; however, Plaintiff was offended by Mr. Dick's efforts. (Deposition Testimony of Thomas Dick, p. 61, line 21-p. 62, line 3).

**Available Position in Credit Registration Department**

29. Tisa Riley, the Director of Credit Registration for HACC, learned that Plaintiff's position was being eliminated. (Deposition Testimony of Tisa Riley, p. 11, line 23 – p. 12, line 3).

30. Ms. Riley had previously interacted with Plaintiff on a number of occasions, typically in the context of registering students for courses who were participating in the monthly payment plan. (Deposition Testimony of Tisa Riley, p. 7, line 16 – p. 8, line 7.).

31. Ms. Riley was interested in hiring Plaintiff for a Technician position that had become available in her department. (Deposition Testimony of Tisa Riley, p. 13, line 24 – p. 14, line 1).

32. In fact, Plaintiff had met informally with Ms. Riley in late May or early June 2003 to discuss the available Technician position. (Deposition Testimony of Tisa Riley, p. 19, lines 2-6).

33. During the meeting, Plaintiff expressed interest in the position to Ms. Riley. (Deposition Testimony of Darla Ellis, p. 88, lines 15-19).

34. Ms. Riley also advised Plaintiff during their meeting that Plaintiff likely would be able to schedule classes during her lunch hour, as it was Ms.

Riley's policy to allow employees in her department to do so. (Deposition Testimony of Tisa Riley, p. 12, lines 15-20; p. 21, lines 21-24).

35. The Technician position in the Registration Department was a higher grade than Plaintiff's Accounting Clerk position and involved some supervisory authority. (Deposition Testimony of Meredith Tulli, p. 105, lines 18 – 23).

36. The salary for the Technician position in the Registration Department was higher than the salary Plaintiff was earning as an Accounting Clerk. (Deposition Testimony of Meredith Tulli, p. 106, lines 11 – 16).

37. Ms. Riley posted the Technician position internally (i.e. for HACC employees only) during the week of June 8, 2003. (Deposition Testimony of Tisa Riley, p. 14, lines 15-25; p. 19, lines 8-11).

38. The internal job posting period closed on June 13, 2003. (Deposition Testimony of Tisa Riley, p. 20, lines 8-12).

39. Plaintiff did not apply for the Technician position during the internal posting period. (Deposition Testimony of Barbara Hutchinson, p. 25, lines 10 – 11; Deposition Testimony of Meredith Tulli, p. 106, lines 19 - 23).

40. Ms. Riley thereafter posted the Technician position externally during the week of July 20, 2003. (Deposition Testimony of Tisa Riley, p. 22, line 19 – p. 23, line 9.).

41. Plaintiff did not apply for the Technician position during the external posting period. (Deposition Testimony of Tisa Riley, p. 23, lines 1-3).

42. Plaintiff eventually (albeit untimely) submitted her application for the Technician position <u>after</u> the external posting period closed. (Deposition Testimony of Barbara Hutchinson, p. 25, lines 18 – 21; Deposition Testimony of Meredith Tulli, p. 107, lines 5 - 11).

43. Ms. Riley gave Plaintiff's application consideration and in fact interviewed Plaintiff for the Technician position, even though the application was untimely. (Deposition Testimony of Meredith Tulli, p. 107, lines 14 -18).

44. According to Ms. Riley, during her interview on September 5, 2003, Plaintiff "didn't face me. She sat sideways in the chair in front of me and hunched over sort of with hand on her face. Seems like posture of disinterest or I don't know what." (Deposition Testimony of Tisa Riley, p. 39, lines 8-11).

45. Plaintiff acknowledged that she had no genuine interest in applying for the Technician position. (Deposition Testimony of Darla Ellis, p. 84, line 20 – p. 85, line 1; p. 91, 1-4).

46. In fact, Plaintiff specifically advised Mr. Dick that she was not interested in the position. (Deposition Testimony of Thomas Dick, p. 61, lines 11-16).

**Plaintiff's Last Day of Work**

47.     Plaintiff was involved in a verbal altercation with Mr. Dick on or about August 22, 2003.  (Deposition Testimony of Darla Ellis, p. 48, line 24 – p. 49, line 22; Deposition Testimony of Thomas Dick, p. 65, lines 18-24).

48.     The verbal altercation transpired after Plaintiff learned that she no longer had access to the student loan payment program files on her computer. (Deposition Testimony of Darla Ellis, p. 48, line 24 – p. 49, line 22; Deposition Testimony of Thomas Dick, p. 65, line 25 – p. 66, line 7).

49.     Plaintiff departed work following the altercation with Mr. Dick, and she never sought or returned to employment with HACC in any capacity. (Deposition Testimony of Darla Ellis, p. 50, lines 20-21; p. 65, lines 2-7).

**Plaintiff's Second PHRC Complaint**

50.     Plaintiff filed a second Complaint with the PHRC on February 13, 2004 under Docket No. 2003-04841 against HACC, Thomas Dick, Meredith Tulli and Barbara L. Hutchinson alleging race discrimination.  The second Complaint was simultaneously filed with the EEOC under Charge No. 17FA462008.

51.      In her second PHRC Complaint, Plaintiff alleged <u>inter alia</u> that she "was subject to repeated abuse and harassment by her supervisor, Thomas Dick." (Plaintiff's second PHRC Complaint, ¶11.).

52. The PHRC issued a finding of no probable cause concerning the allegations in Plaintiff's second Complaint, and on or about December 19, 2005, the PHRC administratively closed its file.

**Plaintiff's Specific Claims Against Meredith Tulli and Barbara L. Hutchinson**

53. Plaintiff acknowledged that Meredith Tulli did not have any supervisory authority over her. (Deposition Testimony of Darla Ellis, p. 14, lines 15-20).

54. Plaintiff has no knowledge of whether Meredith Tulli knew that Plaintiff had expressed interest in participating in the on-campus Minority Caucus. (Deposition Testimony of Darla Ellis, p. 28, lines 15-19).

55. Plaintiff has no information to support her claims that she was subjected to repeated abuse and harassment by Barbara Hutchinson or Meredith Tulli because of her race. In fact, Plaintiff specifically testified as follows:

> Q. Do you have any information to support the allegations in the complaint based on the fact that you were subjected to repeated abuse by either Meredith Tulli or Barbara Hutchinson after you filed your first PHRC complaint?
>
> A. No.
>
> Q. Do you have any information based in fact to support the allegation that you were subjected to harassment based on your race by either Meredith Tulli or Barbara Hutchinson after you filed your first complaint?
>
> A. No.

> ...
> Q.    Did either Meredith Tulli or Barbara Hutchinson do anything in the nature of repeated abuse or harassment based on your race as the result of either filing a PHRC complaint or expressing an interest in participating in the minority caucus?
>
> A.    I can't answer that question.
>
> Q.    Is that because you don't know?
>
> A.    I don't know.

(Deposition Testimony of Darla Ellis, p. 34, lines 8-19; p. 76, lines 10-17).

        Respectfully submitted,

        **MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

        By: *s/SHARON M. O'DONNELL*
        SHARON M. O'DONNELL, ESQUIRE
        I.D. No. 79457
        4200 Crums Mill Road, Suite B
        Harrisburg, PA 17112
        (717) 651-3503
        *Attorneys for Defendants*

Dated: October 16, 2006

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I served a true and correct copy of the foregoing on all counsel of record via electronic filing on the date set forth below as follows:

Thomas A. Archer, Esquire
Law Offices of Thomas A. Archer
3747 Derry Street
P.O. Box 5056
Harrisburg, PA 17110-0056

          **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**


          BY:  *s/SHARON M. O'DONNELL*
               SHARON M. O'DONNELL, ESQUIRE

DATE: October 16, 2006