\*\*FILED ELECTRONICALLY\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLA ELLIS, : | |
|     Plaintiff : | No.: 1:05-CV-02466-YK |
| : | |
| v. : | Filed Electronically |
| : | |
| HARRISBURG AREA COMMUNITY : | |
| COLLEGE; THOMAS DICK, individually : | Honorable Yvette Kane |
| And in his capacity as Director of Student : | |
| Account and Cashiering for Harrisburg : | |
| Area Community College; MEREDITH : | |
| TULLI, individually and in her capacity as : | |
| Human Resources Director for Harrisburg : | |
| Area Community College; and BARBARA : | |
| L. HUTCHINSON, individually and in her : | |
| Capacity as Controller for Harrisburg Area : | |
| Community College : | |
|     Defendants : | |

**BRIEF OF DEFENDANTS HARRISBURG AREA COMMUNITY
COLLEGE, THOMAS DICK, MEREDITH TULLI AND
BARBARA L. HUTCHINSON IN SUPPORT OF THEIR
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

I.    **Procedural History.**

Darla Ellis initially filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") on or about January 15, 2003 under Docket No. 2002-06111 against Harrisburg Area Community College ("HACC") alleging race discrimination. The Complaint was simultaneously filed with the Equal Employment Opportunity Commission ("EEOC") under Charge No. 17FA361611. On or about May 21, 2003, the PHRC issued a finding of no probable cause concerning the allegations in the Complaint.

Darla Ellis filed a second Complaint with the PHRC on February 13, 2004 under Docket No. 2003-04841 against HACC, Thomas Dick, Meredith Tulli and Barbara L. Hutchinson alleging race discrimination. The Complaint was simultaneously filed with the EEOC under Charge No. 17FA462008. On or about December 19, 2005, the PHRC administratively closed its file concerning the second Complaint.

The within judicial action was instituted by the filing of a Complaint on or about November 28, 2005, in which Darla Ellis was named as Plaintiff. An Answer with Affirmative Defenses to Plaintiff's Complaint was filed on behalf of Defendants HACC, Thomas Dick, Meredith Tulli and Barbara Hutchinson on February 2, 2006.

The Court entered a Case Management Order on March 17, 2006. Pursuant to the Court's March 17, 2006 Order, discovery in this matter was to close on August 1, 2006. By Order entered on June 30, 2006, the discovery end date was extended to October 2, 2006.

Pursuant to the Court's March 17, 2006 Order, all dispositve motions and supporting briefs were due not later than October 12, 2006. The deadline for filing dispositive motions and briefs was extended to November 1, 2006 by Order entered on October 10, 2006. Accordingly, Defendants' Motion for Partial Summary Judgment is timely.

## II.   Factual Background.

Plaintiff, who was previously employed as an accounting clerk by HACC, sets forth in her Complaint myriad claims against the several Defendants alleging race discrimination, hostile work environment, adverse employment actions and retaliatory conduct under a litany of legal theories relating to the eventual separation from her employment on or about August 25, 2003. In particular, Plaintiff claims, inter alia, that Defendants' alleged conduct is violative of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution; Title VII of the Civil Rights Act of 1964; and the Pennsylvania Human Relations Act ("PHRA"). Defendants have denied the material allegations of Plaintiff's Complaint.

Moving Defendants incorporate by reference their Statement of Undisputed Facts as if set forth at length herein.

Discovery in this matter is concluded, and a number of depositions have been taken, as follows:  Defendant Thomas Dick – September 14, 2006; Defendant Meredith Tulli – September 14, 2006; HACC employee Lori Amspacker – September 18, 2006; HACC employee Tisa Riley – September 18, 2006; HACC employee Tepcharin Suttvireeson – September 21, 2006; HACC employee (and cousin of Plaintiff) Cheri Houston – September 21, 2006; Defendant Barbara L. Hutchinson – September 29, 2006; and Plaintiff Darla Ellis – September 29, 2006.

**III.    Issues Presented.**

A.    **WHETHER ANY AND ALL CLAIMS ASSERTED AGAINST DEFENDANTS MEREDITH TULLI AND BARBARA L. HUTCHINSON MUST BE DISMISSED IN THEIR ENTIRETY, INASMUCH AS PLAINTIFF ACKNOWLEDGED THAT NEITHER INDIVIDUAL DISCRIMINATED OR RETALIATED AGAINST HER IN ANY REGARD?**

**Suggested Answer: In the Affirmative.**

B.    **WHETHER ALL ALLEGATIONS THAT ARE BEYOND THE SCOPE OF PLAINTIFF DARLA ELLIS' TWO PENNSYLVANIA HUMAN RELATIONS COMMISSION COMPLAINTS MUST BE STRICKEN AND DISMISSED AS A MATTER OF LAW?**

**Suggested Answer: In the Affirmative.**

C.    **WHETHER PLAINTIFF DARLA ELLIS FAILED TO MITIGATE HER DAMAGES BY REFUSING TO TIMELY APPLY FOR A NEW POSITION, WITH HIGHER PAY, THAT WAS MADE AVAILABLE TO HER BY HACC?**

**Suggested Answer: In the Affirmative.**

IV. **Standard of Review.**

In considering a Motion for Summary Judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 91 L.Ed. 2d 202, 106 S. Ct. 2505 (1986); Arnold Pontiac-GMC, Inc. v. General Motors Corp., 786 F.2d 564, 568 (3rd Cir. 1986). Only facts that may affect the outcome are "material." Anderson, 477 U.S. at 248. All reasonable inferences from the record are drawn in favor of the non-moving party. Id. at 256. Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. J.F. Feeser, Inc. v. Serve-A-Portion, Inc., 909 F.2d 1524, 1531 (3rd Cir. 1990), *cert. denied*, 499 U.S. 921, (1991) (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L.Ed. 2d 265, 106 S. Ct. 2548 (1986)).

Plaintiff, however, cannot avert Summary Judgment with speculation or by resting on the allegations in the pleadings, but rather must present competent evidence from which a jury could reasonably find in its favor. Anderson, 477 U.S. at 248; Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3rd Cir.

1999); Williams v. Borough of West Chester, 891 F.2d 458, 460 (3rd Cir. 1989). If the moving party makes an appropriate showing, the burden is on the non-moving party to demonstrate that there is a genuine issue of material fact by coming forward with sufficient evidence from which a reasonable jury could return a verdict for the non-moving party. United States v. 1007.9 Acre Parcel of Land in Warren Township, 898 F.2d 396, 398 (3rd Cir. 1990).

V.    **Legal Argument.**

A.  ANY AND ALL CLAIMS ASSERTED AGAINST DEFENDANTS MEREDITH TULLI AND BARBARA L. HUTCHINSON MUST BE DISMISSED IN THEIR ENTIRETY, INASMUCH AS PLAINTIFF ACKNOWLEDGED THAT NEITHER INDIVIDUAL DISCRIMINATED OR RETALIATED AGAINST HER IN ANY REGARD.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. §2000e-2.  Where, as here, there is no direct evidence of discrimination, the burden of proof in a discrimination claim under Title VII (and likewise the PHRA) is governed by the framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). See also Pivirotto v. Innovative Sys., Inc., 191 F. 3d 344, 352 n.4 (3d. Cir. 1999).

Under this framework, the plaintiff initially must set forth a *prima facie* case of discrimination by a preponderance of the evidence.  Reeves v. Sanderson

Plumbing Prods., Inc., 530 U.S. 133, 142, 147 L. Ed. 2d 105, 120 S. Ct. 2097 (2000). If the employee is able to do this, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its actions against the employee. If the employer can meet this burden, then the burden shifts back to the employee to prove, by a preponderance of the evidence, that the reasons articulated by the defendant were actually pretext for discriminatory practices. McDonnell Douglas Corp., 411 U.S. at 804. Summary judgment is appropriate on behalf of the employer if the employee fails to meet its burden at either the prima facie or pretext stage **[*11]** in the framework. See Martin v. Enterprise Rent-A-Car, 2003 U.S. Dist. LEXIS 1191 (E.D. Pa. 2003) (citing McDonnell Douglas).

In this case, Plaintiff cannot set forth a *prima facie* case of discrimination against Meredith Tulli or Barbara L. Hutchinson, both of whom are individually named as Defendants in this lawsuit, as she candidly acknowledged during her deposition that neither individual discriminated or retaliated against her in any respect. Plaintiff specifically testified as follows:

> Q. Do you have any information to support the allegations in the complaint based on the fact that you were subjected to repeated abuse by either Meredith Tulli or Barbara Hutchinson after you filed your first PHRC complaint?
>
> A. No.
>
> Q. Do you have any information based in fact to support the allegation that you were subjected to harassment based on your race

>by either Meredith Tulli or Barbara Hutchinson after you filed your first complaint?
>
>A.  No.

Statement of Undisputed Facts, ¶55.

>Q.  Did either Meredith Tulli or Barbara Hutchinson do anything in the nature of repeated abuse or harassment based on your race as the result of either filing a PHRC complaint or expressing an interest in participating in the minority caucus?
>
>A.  I can't answer that question.
>
>Q.  Is that because you don't know?
>
>A.  I don't know.

Statement of Undisputed Facts, ¶55.

In light of Plaintiff's unequivocal admissions that neither Ms. Tulli nor Ms. Hutchinson abused nor harassed Plaintiff on account of her race, it is thus clear that any and all claims asserted against these individuals must be dismissed as a matter of law.

    B.    **ALL ALLEGATIONS THAT ARE BEYOND THE SCOPE OF PLAINTIFF DARLA ELLIS' TWO PENNSYLVANIA HUMAN RELATIONS COMMISSION COMPLAINTS MUST BE STRICKEN AND/ OR DISMISSED AS A MATTER OF LAW.**

Plaintiff's Complaint at ¶27 contains the following allegations:
>...
>c.  All of the Defendants, individually and in concert, took action to prevent Plaintiff from obtaining job promotions and pay raises with respect to positions for which the Plaintiff applied and was qualified;
>…

>  g.  Thomas Dick refused Plaintiff permission to attend a class during her lunch break and <u>instead intentionally scheduled her lunch break in direct conflict of the scheduled class time</u>;
>
>  h.  Plaintiff did not receive yearly performance reviews as the other employees who were outside her protected class did…

(emphasis supplied).  It is critical to note, however, that <u>none</u> of these claims were alleged in either of Plaintiff's two previous PHRC/ EEOC filings.  It is thus Defendants' position that these allegations must be stricken from Plaintiff's Complaint and/ or dismissed as a matter of law.

The standard to be utilized for measuring the proper scope of a judicial complaint following an EEOC investigation was set forth in <u>King v. Georgia Power Co.</u>, 295 F. Supp. 943 (N.D.Ga. 1968).  <u>Sanchez v. Standard Brands, Inc.</u>, 431 F.2d 455, 466 (5th Cir. 1970).  In <u>King</u>, the court held that the allegations in a judicial complaint filed under Title VII "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." <u>Id.</u> at 466 (citing <u>King</u> <u>supra</u> at 295 F. Supp. at 947.  In simple terms, the "scope" of the judicial complaint is limited to the "scope" of the EEOC investigation which can "reasonably be expected to grow out of the charge of discrimination." <u>Id.</u>

This logic is inherent in the statutory scheme of Title VII.  <u>Id.</u>  The purpose of a charge of discrimination is to trigger an investigation by the EEOC and for the EEOC to obtain voluntary compliance with the law.  <u>Id.</u>  If the EEOC fails to

obtain voluntary compliance, the matter may become the subject of a court action. Id.  Therefore, the civil action is "intimately related to the EEOC investigation," and it is logical to limit the permissible scope of the civil action to the scope of the EEOC investigation.  Id.  Furthermore, Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has the opportunity to investigate the matter with the employer and obtain voluntary compliance.  Id. at 466 – 467.

As noted above, the allegations set forth in subparts c., g. and h. of Paragraph 27 of Plaintiff's Complaint are wholly novel claims not previously pleaded in either of Plaintiff's prior PHRC/ EEOC filings.  Thus, the PHRC (and the EEOC, for that matter) was not afforded any opportunity to investigate these claims with the Defendants, and therefore they are not ripe for presentation before this Court.

Accordingly, these allegations, and any evidentiary support therefore, must be stricken from the record and/ or dismissed as a matter of law.

**C.    PLAINTIFF DARLA ELLIS FAILED TO MITIGATE HER DAMAGES BY REFUSING TO TIMELY APPLY FOR A NEW POSITION, WITH HIGHER PAY, THAT WAS MADE AVAILABLE TO HER BY HACC.**

It is well settled that "[a]lthough Title VII seeks to make persons whole for injuries suffered on account of unlawful employment discrimination, its primary objective, like that of any statute meant to influence primary conduct, is not to

provide redress but to avoid harm." Faragher v. City of Boca Raton, 524 U.S. 775, 806, 118 S. Ct. 2275, 2291, 141 L. Ed. 2d 662, 688 (1998) (other citations omitted). Under this framework, employers are charged with an affirmative obligation to prevent violations of Title VII (and similar remedial statutes). Ibid.

Concomitant with this duty imposed upon employers, however, is a "coordinate duty to avoid or mitigate harm" imposed upon employees "to use such means as are reasonable under the circumstances to avoid or minimize the damages that result form violations of the statute." Faragher, 524 U.S. at 806, 118 S. Ct. at 2275, 141 L. Ed. 2d at 688 (citing Ford Motor Co. v. EEOC, 458 U.S. 219, 102 S. Ct. 3057, 73 L. Ed. 2d 721 (1982)). See also Pittore v. Thorp, Reed & Armstrong, 757 F. Supp. 641, 644 (W.D. Pa. 1990) ("It is undisputed that plaintiff has a duty to mitigate damages in an employment discrimination case. A Court must determine whether the plaintiff's efforts in mitigating damages were reasonable under the circumstances."). In fact, Title VII itself imposes a statutory duty upon plaintiffs to mitigate damages: "Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable." 42 U.S.C. §2000e-5(g)(1). Accordingly, where a "plaintiff unreasonably fail[s] to avail herself of the employer's preventive or remedial apparatus, she should not recover damages that could have been avoided if she had done so." Faragher, 524 U.S. at 807, 118 S. Ct. at 2275, 141 L. Ed. 2d at 688.

"While it is the duty of a discrimination claimant to mitigate her losses, it is the employer who has the burden of proving a failure to mitigate." Caufield v. Center Area School Dist., 133 Fed. Appx. 4, 10, 2005 U.S. App. LEXIS 9278 (3d Cir. 2005) (citing Robinson v. Southeastern Pa. Transp. Auth., 982 F. 2d 892, 897 (3d Cir.1993)). To prove a failure to mitigate, an employer must demonstrate that "other substantially equivalent positions were available to [plaintiff] and she failed to use reasonable diligence in attempting to secure those positions." Caufield, 133 Fed. Appx. at 10-11 (citing Anastasio v. Schering Corp., 838 F. 2d 701, 708 (3d Cir. 1988)). See also Booker v. Taylor Milk Co., Inc. 64 F. 3d 860, 864 (3d Cir. 1995) ("To meet its burden, an employer must demonstrate that 1) substantially equivalent work was available, and 2) the Title VII claimant did not exercise reasonable diligence to obtain the employment." (citations omitted)); Tubari Ltd., Inc. v. NLRB, 959 F. 2d 451, 453-454 (3d Cir. 1992) ("An employer may meet this burden by... establishing that the employee has willfully incurred losses through unjustifiably refusing adequate interim employment." (citations omitted)).

"When an employer successfully proves a failure to mitigate, any back-pay award to an aggrieved employee will be cut off or reduced beginning at the time of the employee's failure to mitigate and any front-pay award will be foreclosed." Caufield, 133 Fed. Appx. at 11 (citing Ford Motor Co., 458 U.S. at 233-34). In

this case, there is little doubt that Darla Ellis failed in her obligation to mitigate her own damages.

It is undisputed that in May or early June 2003, Tisa Riley, HACC's Director of Credit Registration, after learning that Plaintiff's position in Student Accounts was being eliminated, met with Plaintiff to discuss the availability of a Technician position in her own department. <u>Statement of Undisputed Facts</u>, ¶29-32. It is also undisputed that in this position Plaintiff would have earned a <u>higher salary</u> than she was earning in the accounting department. <u>Statement of Undisputed Facts</u>, ¶35-36. Plaintiff also was advised by Ms. Riley that she likely would be able to schedule classes during her lunch hour. <u>Statement of Undisputed Facts</u>, ¶34. Plaintiff simply had to apply for the position. <u>Statement of Undisputed Facts</u>, ¶25.

Ms. Riley posted the job opening internally in early June 2003 in an effort to keep the applicant pool relatively contained to HACC employees only (and thus facilitating Plaintiff's application and consideration for the position). <u>Statement of Undisputed Facts</u>, ¶37  Plaintiff did <u>not</u> apply for the position during the internal posting period, however, which closed on June 13, 2003. <u>Statement of Undisputed Facts</u>, ¶38-39. Inasmuch as Plaintiff failed to apply for the position (though Ms. Riley had fully expected Plaintiff to do so), Ms. Riley was thus constrained to post the job externally, and she did so on July 20, 2003. <u>Statement of Undisputed Facts</u>,

¶40.  Again, Plaintiff did <u>not</u> apply for the position during the external posting period.  <u>Statement of Undisputed Facts</u>, ¶41.

Only after the external posting period closed did Plaintiff submit an application for the position, without any explanation as to why she did not timely apply during either the internal or external posting periods.  <u>Statement of Undisputed Facts</u>, ¶42.  Ms. Riley reluctantly accepted Plaintiff's application and agreed to interview her.  Plaintiff was in fact interviewed by Ms. Riley on September 5, 2003 (only after Plaintiff requested that her interview, initially scheduled for September 4, 2003, be rescheduled).  <u>Statement of Undisputed Facts</u>, ¶43.  However, it was evident from Plaintiff's demeanor during the interview that she had no interest in being there.  In fact, Plaintiff acknowledged that she had no interest in the position.  <u>Statement of Undisputed Facts</u>, ¶44-46.

In view of the foregoing, although the opportunity to apply for a "substantially equivalent position" (and in fact a position in which Plaintiff could have earned a higher pay) was made available to Plaintiff in the Credit Registration department, it is clear that Plaintiff failed to use reasonable diligence in attempting to secure the position.  In fact, by her own admission, Plaintiff had no intention of applying for the position, despite Ms. Riley's assurances that the job would be made available to her if she simply applied.

Furthermore, Plaintiff admitted during her deposition that she made no effort to locate other employment on her own after she was verbally notified in late June or early July 2003 that her position was being eliminated. <u>Statement of Undisputed Facts</u>, ¶26. Likewise, Plaintiff could not recall whether she looked for other employment after she received formal written notice on July 29, 2003 that her position was being eliminated. <u>Statement of Undisputed Facts</u>, ¶27.

In addition, Plaintiff completely rebuffed Mr. Dick's altruistic efforts to assist her in locating employment elsewhere. Specifically, on one occasion Mr. Dick located an available position in a newspaper classified advertisement to which he believed Plaintiff would be well suited (and which involved better pay and more responsibility). Mr. Dick gave Plaintiff the advertisement; however, Plaintiff was offended by Mr. Dick's efforts and did not pursue the employment opportunity. <u>Statement of Undisputed Facts</u>, ¶28.

It is clear that Plaintiff failed in her obligation to mitigate her own damages, even when other employment opportunities were made available to her. For these reasons, any component of Plaintiff's claim to recover for alleged loss of earnings and/ or potential income must be disregarded and dismissed in its entirety.

**VI.**     <u>**Conclusion.**</u>

For all the foregoing reasons, Defendants Harrisburg Area Community College, Thomas Dick, Meredith Tulli and Barbara L. Hutchinson respectfully request this Honorable Court grant their Motion for Partial Summary Judgment.

                                          Respectfully submitted,

                                          **MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

                                          By: *s/SHARON M. O'DONNELL*
                                                SHARON M. O'DONNELL, ESQUIRE
                                                I.D. No. 79457
                                                4200 Crums Mill Road, Suite B
                                                Harrisburg, PA  17112
                                                (717) 651-3503
                                                *Attorneys for Defendants*

Dated: October 16, 2006

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I served a true and correct copy of the foregoing on all counsel of record via electronic filing on the date set forth below as follows:

Thomas A. Archer, Esquire
Law Offices of Thomas A. Archer
3747 Derry Street
P.O. Box 5056
Harrisburg, PA 17110-0056

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: *s/SHARON M. O'DONNELL*
SHARON M. O'DONNELL, ESQUIRE
I.D. No. 79457
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112
(717) 651-3503
*Attorneys for Defendants*

Dated: October 16, 2006