IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLA ELLIS,                  :  | |
|     Plaintiff             :  | |
|                                                                            : CIVIL ACTION NO. 1:05-CV-02466-YK | |
|     v.                         :  | |
| HARRISBURG AREA COMMUNITY     : Filed Electronically | |
| COLLEGE;                      :  | |
| THOMAS DICK, individually and in his :  | |
| capacity as Director of Student Account : Honorable Yvette Kane | |
| and Cashiering for Harrisburg Area :  | |
| Community College; MEREDITH TULLI, :  | |
| individually and in her capacity as Human :  | |
| Resources Director for Harrisburg Area :  | |
| Community College, and BARBARA L. :  | |
| HUTCHINSON, individually and in her :  | |
| capacity as Controller for Harrisburg Area :  | |
| Community College                :  | |
|     Defendants.            :  | |

**BRIEF OF PLAINTIFF, DARLA ELLIS, IN OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

I.   **Procedural History.**

    Darla Ellis initially filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") on or about January 15, 2003 under Docket No. 2002-0611 against Harrisburg Area Community College ("HACC") alleging race discrimination. The Complaint was simultaneously filed with the Equal Employment Opportunity Commission ("EEOC") under Charge No. 17FA361611. On or about May 21, 2003, the PHRC issued a finding of no probable cause concerning the allegations in the Complaint.

    Darla Ellis filed a second Complaint with the PHRC on February 13, 2004 under Docket No. 2003-04841 against Harrisburg Area Community College ("HACC"),

1

Thomas Dick, Meredith Tulli and Barbara L. Hutchinson alleging race discrimination and retaliation for the filing of the previous PHRC Complaint. The Complaint was simultaneously filed with the EEOC under Charge No. 17FA462008. On or about December 19, 2005, upon Darla Ellis' request for a Right to Sue, the PHRC administratively closed its file concerning the second Complaint.

The within judicial action was instituted by the filing of a Complaint on or about November 28, 2005. An Answer with Affirmative Defenses to Plaintiff's Complaint was filed on behalf of Defendants HACC, Thomas Dick, Meredith Tulli and Barbara Hutchinson on February 2, 2006.

## II. Factual Background.

The Plaintiff, Darla Ellis, worked as an Accounting Clerk in the Students Account Office at Harrisburg Area Community College ("HACC") from 1998 until August 25, 2003. While working at HACC, Ms. Ellis filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") in February of 2002. The Complaint was dually filed with the Unites States Equal Employment Opportunity Commission ("EEOC"). Ms. Ellis' Complaint alleged that she was denied the opportunity to take classes at HACC during her lunch hour on the basis of her race. It is not disputed that Ms. Ellis' filing of her PHRC Complaint was protected employment activity as that term is defined by Title VII.

Following the filing of her PHRC Complaint, Ms. Ellis' immediate supervisor, Defendant Thomas Dick, took various actions with respect to Ms. Ellis' employment that she alleges were the result of the filing of her PHRC Complaint and continued

Complaints regarding her inability to take classes during her lunch hour. Mr. Dick's actions included issuing unwarranted disciplinary warnings, barring her access to the campus computer system, verbally assaulting her in front of others and, ultimately, causing her termination from HACC. Defendants, Barbara Hutchinson and Meredith Tulli were also directly involved in terminating Ms. Ellis' employment as a result of her filing a PHRC Complaint and voicing her objections regarding the denial of her ability to take classes during her lunch hour.

Within weeks of the PHRC issuing a finding of no cause regarding Ms. Ellis' PHRC Complaint, Defendant Thomas Dick prepared a report calling for the elimination of the Plaintiff's position and presented it to Defendants Hutchinson and Tulli. Shortly thereafter, Defendants Tulli, Hutchinson and Dick arranged for the termination of Plaintiff's employment at HACC. All of these allegations appear in the Plaintiff's Complaint in this matter, as well as the Plaintiff's second PHRC Complaint that was filed following her termination. That PHRC Complaint, filed on or about February 13, 2004, was dually filed with the EEOC. Those administrative bodies did not reach any conclusion regarding Ms. Ellis' Complaint and closed their administrative files following the issuance of the United States Department of Justice right-to-sue on August 30, 2005.

Following her termination, Ms. Ellis went along with the Defendants ostensible efforts to move her into another position within the college. Following the interview process for that position, which included consideration of nine (9) candidates, a candidate that rated more highly than all of the other candidates and for whom the interviewing supervisor, Tisa Riley, had a preference, was offered the position. The College made no other efforts to place Ms. Ellis in another position. Thereafter, Ms. Ellis applied for a

number of other positions until she was ultimately hired by the Department of Public Welfare in November of 2004.

Plaintiff incorporates by reference her Counterstatement of Undisputed Facts as if set forth herein at length.

### III.   Issues Presented.

A.   WHETHER PLAINTIFF'S CLAIM THAT MEREDITH TULLI AND BARBARA HUTCHINSON ARE LIABLE TO PLAINTIFF AS A RESULT OF HER RETALIATORY DISCHARGE FROM EMPLOYMENT SHOULD BE SUBMITTED TO THE TRIER OF FACT?

**Suggested Answer:** In the Affirmative.

B.   WHETHER THE ALLEGATIONS CONTAINED IN PLAINTIFF'S COMPLAINT ARE WITHIN THE SCOPE OF THE CHARGES FOUND IN HER PENNSYLVANIA HUMAN RELATIONS COMMISSION COMPLAINTS?

**Suggested Answer:** In the Affirmative.

C.   WHETHER THERE REMAIN GENUINE ISSUES OF MATERIAL FACT REGARDING DARLA ELLIS' EFFORTS TO MITIGATE HER DAMAGES THAT CANNOT BE ADJUDICATED ON SUMMARY JUDGMENT?

**Suggested Answer:** In the Affirmative.

### IV.   Standard of Review.

The court shall render summary judgment "if the Pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if there is a

sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A factual dispute is "material" if it might affect the outcome of the suit under governing law. Id. at 248, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202. All inferences must be drawn, and all doubts resolved, in favor of the non-moving party – in this case, Plaintiff. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), cert. denied, 474 U.S. 1010, 106 S. Ct. 537, 88 L. Ed. 2d 467 (1985). On motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the movant and would support a favorable jury finding. Id. at 321 n. 3, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (*quoting* Fed.R..Civ.P. 56(e)); Anderson, 477 U.S. at 248-49, 106 S. Ct. 2505; *see* First Nat'l Bank of Pennsylvania v. Lincoln Nat'l Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

Notwithstanding the non-moving party's burden, the Third Circuit urges special caution about granting summary judgment to an employer when its intent is at issue, particularly in discrimination cases. Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 321 (3rd Cir. 2000). The intent of the Defendants is directly at issue in this case.

V.  **<u>Legal Argument.</u>**

    A.  **PLAINTIFF'S CLAIM THAT MEREDITH TULLI AND BARBARA HUTCHINSON ARE LIABLE TO PLAINTIFF AS A RESULT OF HER RETALIATORY DISCHARGE FROM EMPLOYMENT SHOULD BE SUBMITTED TO THE TRIER OF FACT.**

Plaintiff concedes that she cannot maintain a cause of action for racial discrimination against Defendants Hutchinson and Tulli. However, Plaintiff's Complaint also alleges that these Defendants engaged in retaliatory conduct against the Plaintiff, Darla Ellis, by causing the termination of her employment as a result of Ms. Ellis' participation in protected employment activity, to wit, bringing a Pennsylvania Human Relations Complaint on the issues of her taking her classes during her lunch period. Defendants' motion does not address that claim in any way. Accordingly, the claim of retaliation should be submitted to the trier of fact. The Defendants have raised no portions of the record on which they believe there is an absence of material fact regarding the Plaintiff's retaliation claim.

Under the circumstances, the Defendants have not moved the Court to dismiss the Plaintiff's retaliation claims. Even if they had, the Defendants have not carried their summary judgment burden of identifying those portions of the record that Defendants believe demonstrates the absence of material fact. Nevertheless, the Plaintiff has established a *prima facie* case of retaliation.

To demonstrate a *prima facie* case of retaliation under the McDonnell Douglas framework, an employee must allege: (1) she engaged in a protected activity; (2) she was subject to adverse action by the employer either subsequent to or contemporaneous with the protected activity; and (3) that there was a causal connection between the protected

activity and the adverse action. Fasold v. Justice, 409 F.3d 178, 188 (3$^{d.}$ Cir. 2005), *citing* Fogleman v. Mercy Hospital, Inc., 283 F.3d 561 (3d. Cir. 2002).

Defendants do not, and cannot, dispute that the Plaintiff's complaints regarding her ability to take classes and PHRC/EEOC Complaints regarding that issue are protected employment activities. Additionally, Defendants do not, and cannot, argue that the termination of Plaintiff's employment was not an adverse employment action.

Meanwhile, there are more than sufficient facts to submit the issue of whether there is a causal relationship between the adverse employment action and the Plaintiff's engagement and protected activities to a jury. Almost immediately upon the PHRC's vindication of Ms. Hutchinson's class-taking policy that had resulted, in her words, the students "hating" her, Ms. Hutchinson and Ms. Tulli directly caused the termination of the Plaintiff's employment. There are also sufficient facts in the record to show that the Defendants ostensible reason for eliminating the Plaintiff's position was pretextual. The so-called "decentralization plan" had been in the making for the better part of one (1) year prior to the Plaintiff's dismissal without one substantiated reference to the elimination of the Plaintiff's position until a mere weeks following the PHRC's finding of no cause with respect to the Plaintiff's Complaint.

Additionally, while the Defendants maintain that the decision to eliminate the Plaintiff's position was based upon the fact that the Plaintiff's position was to exclusively handle the payment plan, the record is clear that other employees in the department handled the payment plan and that the Plaintiff had many job responsibilities that did not involve the payment plan. Darla Ellis was the only employee to file a PHRC claim and

the Defendants considered no other alternatives to terminating Plaintiff's employment at any time.

As a point of emphases, the Defendants motion for partial summary judgment makes no reference to the Plaintiff's Title VII retaliation claim whatsoever. Nevertheless, the Plaintiff has clearly demonstrated that there remain genuine issues of material fact regarding that claim that should be submitted to the jury.

### B. THE ALLEGATIONS CONTAINED IN PLAINTIFF'S COMPLAINT ARE WITHIN THE SCOPE OF THE CHARGES FOUND IN HER PENNSYLVANIA HUMAN RELATIONS COMMISSION COMPLAINTS.

Defendants cite the seminal opinion dealing with the proper scope of complaints arising from EEOC charges. Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970). The Third Circuit followed Sanchez in Ostapowicz v. Johnson Bronze Co, 541 F. 2d 394, 398-399 (3d Cir. 1976). However, the Defendants brief fails to note that in Sanchez, the court observed, "mindful of the remedial and humanitarian underpinnings of Title VII and of the crucial roll played by the private litigant in the statutory scheme, courts construing Title VII have been extremely reluctant to allow procedural technicalities to bare claims brought under the act charges." Sanchez, 431 F.2d 460-61.

Applying this liberal standard, the Sanchez court permitted the Plaintiff in that case to proceed on a previously unstated basis of discrimination, i.e. national origin, because it found that the facts alleged in the EEOC charge of sex-based discrimination might have led the agency to discover during the course of it's investigation the types of discrimination she subsequently alleged in her Complaint. Id.

In the instant case, the allegations contained in Ms. Ellis' Complaint are far more germane to her original PHRC/EEOC charges than the two distinct types of discrimination (national origin and sex) found in the Sanchez Complaint. Here, Ms. Ellis filed two administrative Complaints, the first dealing with alleged racial discrimination the Defendants denial of her registration for classes. The second alleges racial discrimination and retaliation for the filing of the Plaintiff's first PHRC Complaint. The specific claims that the Defendants seek to strike from the Plaintiff's Federal Complaint in this matter, when viewed in the context of Sanchez, can reasonably be expected to grow out of the charge of discrimination and retaliation found in the Plaintiff's PHRC Complaint. They are merely additional instances of the same course of retaliation. The law simply does not require the Plaintiff to raise every single instance of discrimination or retaliation in her prerequisite PHRC or EEOC Complaint in order to pursue those claims in court.

Accordingly, the Defendants motion for partial summary judgment on this score should be denied.

C.  **THERE REMAIN GENUINE ISSUES OF MATERIAL FACT REGARDING DARLA ELLIS' EFFORTS TO MITIGATE HER DAMAGES THAT CANNOT BE ADJUDICATED ON SUMMARY JUDGMENT.**

In their brief, the Defendants rely upon several cases that are remarkably distinguishable from this one. For example, the Defendants cite Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) for the proposition that employees have an affirmative obligation to prevent violations of Title VII. However,

Faragher addressed means by which otherwise vicariously liable employers may limit liability for discrimination by employees by implementing policies of which victims may be able to avail themselves to avoid or minimize discrimination in the first place. See Faragher, 534 U.S. at 806. In fact, the Supreme Court specifically chose not to address the Defendants' mitigation of damages issue because Faragher's award had been nominal. Id. at 809.

The Defendants also rely on Pittore v. Thorp, Reed and Armstrong, 757 F. Supp. 641 (W.D. Pa. 1990), a case in which the Western District stated, in the same paragraph as the language cited by the Defendants in their brief, that "It is clear that the issue of mitigation of damages is clearly a fact sensitive one. We do not view this issue as one which should be decided as a matter of law." Pittore, 757 F. Supp. at 644.

Another case cited by the Defendants is Caufield v. Center Area School District, 113 Fed. Appx. 4 2005 U.S. App. LEXIS 9278 (3d Cir. 2005). Unlike the first two, this decision is not completely inapposite. However, the Third Circuit, in overturning the granting of summary judgment in favor of the Defendants, found that the record could not possibly lead the District Court to find that back and front pay was barred as a matter of law where the Defendants had identified four similar positions for which the Plaintiff had not applied. Id. at 13.

Significantly, the Caufield Court also stated:

> The plain language of *section 2000e-5* shows that amounts that could have been earned with reasonable diligence should be used to *reduce or decrease* a back pay award, not to wholly cut off the right to any back pay. See *42 U.S.C. § 2000e-5(g)(1)*; see also *Tubari Ltd., Inc., 959 F.2d at 453-54; Anastasio, 838 F.2d at 708-09;* [**20] 2 DAN B. DOBBS, LAW OF REMEDIES § 6.10(4), at 221-22 (2d ed. 1993). Furthermore, Defendant's "no-mitigation-no back pay" argument is inconsistent with the "make whole" purpose underlying Title VII.

*Citing*, Booker v. Taylor Milk Co., Inc., 64 F.3d 860, 866 (3d Cir. 1995)(emphasis in original).

Even if the Defendants' motion is suitable on summary judgment, there are insufficient undisputed facts to find in their favor. Despite the Defendants' contentions to the contrary, there are sufficient issues of material fact regarding whether the Plaintiff sufficiently endeavored to mitigate her damages to submit that issue to a trier of fact. The Defendants cite to a number of what they believe to be undisputed facts to support their position. However, it is clear that when viewed in a light most favorable to the Plaintiff, those alleged "undisputed" facts are either disputed or do not support the Defendants' position.

First, the Defendants allege in their brief that "it is undisputed that in May or early June 2003, Tisa Riley, HACC's Director of Credit Registration, after learning that Plaintiff's position in Student Accounts was being eliminated, met with Plaintiff to discuss the availability of a Technician position in her own department." The Defendants also allege that Ms. Riley posted the job opening internally in early June 2003 and that the Plaintiff did not apply for the position at that time.

Nevertheless, the record is very clear that the Plaintiff was not definitively notified that her position was being eliminated until a letter was sent to Darla Ellis notifying her of that fact on July 29, 2003. Both Ms. Tulli and Mr. Dick agreed that they did not resolve Ms. Ellis' position was going to be eliminated until some time in July of 2003, shortly after Mr. Dick's report was generated. Accordingly, Darla Ellis had no reason to apply for a position at the time of its internal posting in early June in an effort

11

to mitigate her damages. At the time, Darla Ellis would not have been aware that she had any damages to mitigate.

Next, Defendants state that the position was posted externally during the week of July 20, 2003, obviously <u>prior</u> to Ms. Tulli's formal notification to Ms. Ellis on July 29th. By that time, the record is clear that the position had been materially changed in terms of its responsibility and salary structure from the time it was originally presented to Darla Ellis. Nevertheless, Ms. Ellis applied for the job.

Plaintiff concedes that by the time she was interviewed, she was not interested in the position. This does not, however, equate to demonstrating a lack of reasonable diligence. It would be within the purview of the trier of fact to determine whether Ms. Ellis undertook "reasonable diligence" to obtain employment at that point and, significantly, whether the position was both "equivalent" and truly "available." Despite the claim that she applied late for the position, Tisa Riley agreed to interview her along with eight (8) other candidates. Ms. Riley testified that the candidate who was ultimately selected for the job outscored Ms. Ellis and every other candidate on her interview matrix. Ms. Riley also stated that she preferred to hire someone with whom she was familiar and she had worked much more closely with the selected candidate than she ever had with Darla Ellis. Additionally, Ms. Riley stated that the decision would have been more difficult if Darla Ellis had applied for the job during its internal posting as she had originally expected. However, as the Plaintiff has demonstrated, the record is clear that Darla Ellis would have had no reason to apply for the position prior to being notified that she was being terminated from the Student Accounts department.

The Defendants' reference to Mr. Dick's "offer" to Ms. Ellis of another position in the classifieds is more likely evidence of his desire to be rid of her than an effort to assist in any mitigation of damages. The record is clear that this event took place long before the decision to eliminate her position. At most, the timing and motivation of the event is disputed.

Following her termination from HACC, Darla Ellis applied for a number of positions, including Vartan Bank, Pennsylvania Higher Education Assisting Agency, various temporary agencies, the New Cumberland Army Depot, the Mechanicsburg Navy Depot and various civil service positions prior to ultimately obtaining a position at the Pennsylvania Department of Public Welfare in November 2004. It can hardly be said that Ms. Ellis removed herself from the workforce.

Based upon the foregoing, it is clear that whether the Plaintiff, Darla Ellis, took reasonable steps to mitigate her damages should be submitted to a jury for consideration.

## VI.   Conclusion.

For all of the foregoing reasons, Plaintiff, Darla Ellis, respectfully request that this Honorable Court deny Defendants Motion for Partial Summary Judgment in its entirety.

Respectfully submitted,

ARCHER & ARCHER, P.C.:

Dated: October 31, 2006          By     Thomas A. Archer /s/
                                        Thomas A. Archer, Esquire
                                        PA I.D. No. 73293
                                        2515 North Front Street
                                        PO Box 5056
                                        Harrisburg, PA  17110
                                        (717) 233-8676
                                        tarcher@archerandarcher.com
                                        *Attorney for Plaintiff, Darla Ellis*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I served a true and correct copy of the foregoing document on all counsel of record via electronic filing on the date set forth as follows:

Sharon M. O'Donnell, Esquire
Marshall, Dennehey, Warner Coleman & Goggin
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
*Attorney for Defendants*

ARCHER & ARCHER, P.C.

Dated: 10/31/2006                    By: Thomas A. Archer /s/
                                         Thomas A. Archer, Esquire