IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLA ELLIS, : | |
| : | Civil Action No. 1:05-CV-2466 |
| Plaintiff : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | |
| HARRISBURG AREA COMMUNITY : | |
| COLLEGE; THOMAS DICK; : | |
| MEREDITH TULLY; : | |
| BARBARA L. HUTCHINSON, : | |
| : | |
| Defendants : | |

**MEMORANDUM**

Before the Court is Defendants' collective motion for partial summary judgment. (Doc. No. 16.) By the motion, Defendants seek entry of an order dismissing Plaintiff's claims against Defendants Meredith Tully and Barbara L. Hutchinson for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII) and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"). Additionally, Defendants have moved for summary judgment on certain of Plaintiff's allegations on the basis that they are beyond the scope of two complaints Plaintiff filed with the Pennsylvania Human Relations Commission. Finally, Defendants seek summary judgment on Plaintiff's claims for damages, arguing that Plaintiff failed to mitigate damages as required by Title VII. For the reasons that follow, the motion will be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiff, an African-American female, was previously employed with Defendant Harrisburg Area Community College ("HACC") as an accounting clerk in the Student Accounts Office from 1998 until her employment was terminated on August 25, 2003. At the time of her

employment, Plaintiff was also a student enrolled in courses at HACC. Plaintiff has brought suit against HACC; Thomas Dick, HACC's Director of Student Accounting and Cashiering; Meredith Tulli, HACC's Human Resources Director; and Barbara L. Hutchinson, HACC's Controller, alleging that: (1) Defendants violated her right under the Fourteenth Amendment "not to be deprived of life, liberty, or property without due process of law, and the right to equal protection of the laws" (Compl. ¶ 33) (Count I); (2) Defendants violated Plaintiff's right to engage in protected activity without retaliation in violation of Title VII (Count II); (3) Defendants harrassed and discriminated against Plaintiff on the basis of race in violation of 42 U.S.C. § 1981 (Count III); (4) Defendants conspired to deprive Plaintiff of her right to equal protection under the law in violation of 42 U.S.C. § 1985 (Count IV); (5) Defendants harassed and intimidated Plaintiff in retaliation for her participation in protected activity in violation of the PHRA (Count V); (6) Defendants intentionally inflicted emotional distress upon Plaintiff in violation of state law (Count VI). Defendants have denied the material allegations of Plaintiff's complaint. The parties have engaged in discovery, which is now closed.

## II.    PROCEDURAL HISTORY

Plaintiff initially filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") on or about January 15, 2003, charging HACC with racial discrimination in connection with her employment. Specifically, Plaintiff alleged that she was denied the opportunity to take classes at HACC during her lunch hour on the basis of her race. The PHRC complaint was simultaneously cross-filed with the Equal Employment Opportunity Commission under Charge No. 17FA361611. On May 21, 2003, the PHRC issued a finding of no probable cause concerning the allegations in the complaint.

Plaintiff filed a second complaint with the PHRC on February 13, 2004, docketed at Docket No. 2003-04841, against all Defendants alleging racial discrimination and retaliation. This complaint was also cross-filed with the EEOC under Charge No. 17FA462008. On or about December 19, 2005, upon Plaintiff's request for a right-to-sue letter, the PHRC administratively closed its file concerning this complaint.

Plaintiff commenced the instant action by filing a complaint on November 28, 2005, which Defendants answered on February 2, 2006. On October 16, 2006, Defendants filed the motion for partial summary judgment that is the subject of this memorandum. After both parties filed briefs in connection with the motion, the Court directed the parties to file supplemental letter briefs addressing, inter alia, whether the Plaintiff intends to and can maintain certain claims under the PHRA against the individual Defendants. (Doc. No. 32.)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986). When deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). However, the nonmoving party may not simply sit back and rest on the allegations in the complaint, but must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate

specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Id. at 322.

## IV.    DISCUSSION

Before addressing the Defendants' specific arguments, the Court notes that Plaintiff cannot maintain an action under Title VII against the individual Defendants. Kachmar v. Sungard Data Sys., Inc., 109 F.3d 173, 184 (3d Cir. 1997); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077 (3d. Cir. 1996). Accordingly, all Title VII claims against Defendants Hutchinson, Tulli, and Dick will be dismissed with prejudice. Any discussion below relating to claims against these individuals relates to the employment discrimination claims Plaintiff brings against them under state law.

### A.    Claims of Discrimination or Retaliation Against Defendants Hurchinson and Tulli

Defendants Hutchinson and Tulli argue that they are entitled to entry of summary judgment in their favor on Plaintiff's claims that they (1) discriminated against her on the basis of race and (2) subjected her to retaliation for engaging in protected activity.

#### 1. Racial Discrimination Claims

Plaintiff "concedes that she cannot maintain a cause of action for racial discrimination against Defendants Hutchinson and Tulli." (Doc. No. 20, at 6.) Accordingly, Plaintiff's claims of racial discrimination brought against Defendants Hutchinson and Tulli under the PHRA will be dismissed.

The Court notes that Defendants have not moved for summary judgment on Plaintiff's

racial discrimination claims against Defendant HACC, under Title VII and the PHRA, and against Defendant Dick, under the PHRA.  In light of Plaintiff's representation in her pre-trial memorandum and during the pre-trial conference that she will be proceeding only on her retaliation claims, (Doc. No. 27-1, at 9), the Court declines to address at this time whether Defendant Dick could be held liable under 43 P.S. § 955(e)[1] for aiding and abetting HACC's alleged discrimination on the basis of race.

### 2. *Retaliation Claims*

#### a. **Claims against the individual Defendants**

The parties have submitted to the Court letter briefs addressing an issue that arose during the pre-trial conference – whether Plaintiff intended to pursue retaliation claims against the individual Defendants and whether Pennsylvania law authorizes such a suit under these circumstances.  (Doc. Nos. 34 & 36.)  It is clear, and both parties agree, that certain provisions of the PHRA provide for individual liability, 43 P.S. § 955(d) and (e), see, e.g., Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 553 (3d Cir. 1996) (finding that plaintiff's supervisor was a proper defendant under § 955(e)); the parties disagree, however, whether Plaintiff has adequately pleaded and/or should be able to proceed on claims against Defendants

---

[1] Section 955(e) provides:
> It shall be an unlawful discriminatory practice . . . [f]or any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 P.S. § 955(e) (emphasis added).

Hutchinson, Tulli, and Dick.

As mentioned above, § 955(e) makes it illegal for an individual to aid and abet an employer's discriminatory conduct. 43 P.S. § 955(e). Another section of the PHRA, § 955(d),[2] makes it illegal for any "person" to retaliate against an individual for attempting to enforce his rights under the statute. 43 P.S. § 955(d). Thus, if a plaintiff can demonstrate that an individual defendant either aided and abetted an employer's discriminatory practices or retaliated against the plaintiff, that individual may be held personally liable under the PHRA. Phillips v. Heydt, 197 F. Supp. 2d 207, 223 (E.D. Pa. 2002). "A Plaintiff, however, must provide sufficient evidence to support a claim that the individual defendant either retaliated against the plaintiff or aided and abetted the discriminatory conduct." Id. (citing Dici, 91 F.3d 542).

In their letter brief, Defendants argue that Count V of Plaintiff's complaint, wherein she alleges violations of the PHRA, should be dismissed as failing to plead sufficient facts to establish individual liability of Defendants Hutchinson, Tulli, and Dick. (Doc. No. 34, at 4.) Specifically, Defendants argue that Count V gives insufficient notice of the basis for individual liability because it does not allege that "an individual defendant actively or affirmatively participated in or compelled the discriminatory conduct." (Doc. No. 34, at 3) (quoting Wilson v. Children's Museum of Pittsburgh, No. 05-1748, 2006 U.S. Dist. LEXIS 28978, at *7 (W.D. Pa.

---

[2] Section 955(d) provides:
> It shall be an unlawful discriminatory practice . . . [f]or any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

43 P.S. § 955(d) (emphasis added).

6

May 12, 2006)). Although Plaintiff's allegations in Count V of her complaint are, indeed, general averments of harassment, intimidation, and retaliation, Defendants' argument overlooks the fact that Plaintiff specifically alleged that the individual Defendants had supervisory authority over her and listed specific instances of conduct by the individual Defendants that were allegedly retaliation for her filing of the PHRC complaint. (Doc. No. 1, ¶¶ 17, 27.) Thus, the Court declines to dismiss Plaintiff's PHRA claim on the basis that the pleadings in her complaint were inadequate to give notice of her claims against Defendants Hutchinson, Tulli, and Dick individually.

In their letter brief, Defendants alternatively argue that any PHRA claim against Defendants Hutchinson and Tulli must fail because neither was Plaintiff's immediate supervisor. The Court is unpersuaded by this argument. Defendant Hutchinson was Plaintiff's second-level supervisor – as controller, Defendant Hutchinson oversaw the finance division and was the immediate supervisor to Defendant Dick, Plaintiff's immediate supervisor. Defendant Hutchinson played a central role in the decentralization plan and the decision to eliminate Plaintiff's position. (Hutchinson Dep., Doc. No. 19, Ex. D, at 4) (acknowledging that a job in the Student Accounts Department could not be eliminated without her approval and explaining that for a position to be eliminated she, in turn, must recommend the same to her immediate supervisor). Defendant Tulli was similarly involved in the decision to eliminate Plaintiff's position. (Tulli Dep., Doc. No. 19, Ex. C, at 21-23, 25-27) (discussing her involvement in the decentralization plan and the decision to eliminate Plaintiff's position; acknowledging that she was present when Plaintiff was informed that her position was eliminated); see Wein v. Sun Co., Inc., No. 95-7646, 1997 WL 772810, at *7 (E.D. Pa. Nov. 21, 1997) (explaining that, even if not

a supervisor, the defendant/employee could still be held individually liable under the PHRA because she participated in the meetings where it was decided that plaintiff would be discharged and drafted the termination letter). Accordingly, the Court concludes that summary judgment is not appropriate on this ground.

### b.     Substantive arguments presented in Defendants' motion

Turning to Defendants' argument that Defendants Hutchinson and Tulli are entitled to summary judgment on the merits of Plaintiff's retaliation claim, the Court initially notes that Defendants' argument is somewhat unclear,[3] and the evidence offered in support of the motion is limited. Defendants basically contend that Plaintiff has failed to establish a prima facie case of discrimination or retaliation because of her answers to four questions in her deposition. Review of these questions does not, however, cause the Court to find that summary judgment is required.

In the first deposition question and answer that Defendants rely upon, Plaintiff answers in the negative to the following question: "Do you have any information to support the allegations in the complaint based on the fact that you were subjected to repeated abuse by either Meredith Tulli or Barbara Hutchinson after you filed your first PHRC complaint?" (Doc. No. 18, at 7; Def. Statement of Undisputed Facts, ¶ 55.) Plaintiff's answer to this question does not

---

[3] For example, in the body of the argument for partial summary judgment on the retaliation claim, Defendants never expressly mention Plaintiff's retaliation claim. Additionally, in the last paragraph of this section of Defendants' brief in support of their motion, Defendants state: "In light of Plaintiff's unequivocal admissions that neither Ms. Tulli nor Ms. Hutchinson abused nor harassed Plaintiff on account of her race, it is thus clear that any and all claims asserted against these individuals must be dismissed as a matter of law." (Doc. No. 18, at 8.) This statement would suggest that Defendants' argument was directed toward Plaintiff's discrimination claims, not her retaliation claims.

conclusively foreclose her claims of retaliation, and Defendants have neither argued nor cited authority in support of the proposition that a Plaintiff must come forward with evidence of being subjected to "repeated abuse" in order to prove a retaliation claim. Moreover, it is undisputed that Plaintiff filed two PHRA claims, and her claims are based at least in part upon retaliation that allegedly occurred following the filing of these claims.

Defendants also rely on Plaintiff's negative answer to the following question to support their argument for summary judgment on Plaintiff's retaliation claim: "Did either Meredith Tulli or Barbara Hutchinson do anything in the nature of repeated abuse or harassment based on your race as the result of either filing a PHRC complaint or expressing an interest in participating in the minority caucus?" (Doc. No. 18, at 8; Def. Statement of Undisputed Facts, ¶ 55.) Like the question above, this question asks Plaintiff whether she has evidence of "repeated abuse or harassment." And the phrasing of the question make it unclear whether an affirmative answer would indicate repeated abuse based upon race, upon filing a complaint with the PHRC, or both. (Id.) Plaintiff's answer to this somewhat convoluted question does not warrant summary judgment, as neither the question nor the answer satisfies Defendants' burden of demonstrating the absence of evidence regarding a triable issue of fact – namely, whether these Defendants retaliated against Plaintiff for engaging in protected conduct in violation of the PHRA. Moreover, the Court has reviewed the parties' submissions, including the statements of fact offered by the parties, and concludes that there remain genuine issues of material fact regarding Plaintiff's retaliation claims against all Defendants that must be submitted to a jury.

For the foregoing reasons, Defendants' motion for summary judgment on Plaintiff's claims of retaliation against Defendants Hutchinson and Tulli will be denied.

9

B.      Scope of the Plaintiff's PHRA Complaints

Defendants next contend that three allegations in the complaint offered as examples or instances of Defendants' alleged discrimination and retaliation toward her "must be stricken or dismissed as a matter of law." (Doc. No. 18, at 8.) Noting that these specific alleged instances were not explicitly articulated in Plaintiff's filings with the PHRC and EEOC, Defendants assert that the allegations are so far outside the scope of the original claims presented to these administrative bodies that Plaintiff must be precluded from including the allegations in this action.

In support of their motion, Defendants rely principally on the Fifth Circuit's seminal decision in Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970), which concerned the permissible scope of a Title VII action when the plaintiff's EEOC complaint that did not contain all of the allegations of discrimination subsequently brought in the federal action. Notably, in Sanchez the Fifth Circuit permitted a plaintiff to proceed with her complaint based on national origin discrimination despite the fact that her EEOC charge only alleged sex-based discrimination. 431 F.2d at 464. In permitting the plaintiff to proceed on a claim not specifically brought first to the EEOC, the Fifth Circuit was "mindful of the remedial and humanitarian underpinnings of Title VII and of the crucial role played by the private litigant in the statutory scheme," and noted that "courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act charges." Id. at 460-61. The court explained that "the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation." Id. at 466. "In other words," the Fifth Circuit explained, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out

of the charge of discrimination." Id. Thus, the court permitted Sanchez to proceed on a previously unstated basis of discrimination because it found that the facts alleged in her EEOC charge might have led the agency to discover during the course of its investigation the types of discrimination she subsequently alleged in her complaint. Id. The Third Circuit followed Sanchez in Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976) ("The parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.")

The Court finds that application of the foregoing standard to the instant dispute is relatively straight forward. Defendants do not so much argue that Plaintiff is coming forward with an entirely new and unrelated theory of discrimination not previously presented in her filings with the PHRC/EEOC, but are instead complaining that Plaintiff has included three specific instances of alleged discrimination or retaliatory conduct on the part of Defendants, particularly Defendant Dick, that were not specifically articulated in her administrative complaints. The Court agrees with Plaintiff that the allegations contained in the complaint are far more closely related to her original PHRC/EEOC charges than the distinct forms of discrimination that were at issue in Sanchez, and the Court thus concludes that the allegations at issue could reasonably have been expected to grow out of the investigation of Plaintiff's administrative charges. Accordingly, the Court will deny Defendants' partial motion for summary judgment regarding the allegations set forth in paragraph 27(c), (g), and (h) of the complaint.

      C.      **Mitigation of Damages**

Defendants' final argument in their partial motion for summary judgment is that Plaintiff's failure to mitigate damages precludes, as a matter of law, her claim for monetary

damages. While it is true that Title VII imposes a statutory duty on plaintiffs to make reasonable efforts to mitigate damages, 42 U.S.C. § 2000e-5(g)(1), the Court approaches Defendants' argument mindful that the evaluation of a party's effort to mitigate damages is, more often than not, an inherently fact-sensitive inquiry not predisposed to determination as a matter of law, see Pittore v. Thorp, Reed and Armstrong, 757 F. Supp. 641, 644 (W.D. Pa. 1990).

In support of their contention that Plaintiff failed to mitigate damages, Defendants point to two specific instances where Plaintiff was presented with opportunities for potential employment that she either failed to pursue or pursued half-heartedly. The first involves a technician position in HACC's Credit Registration department that Tisa Riley, Director of Credit Registration, recommended Plaintiff pursue in May or early June of 2003, in light of the elimination of Plaintiff's position in the Student Accounts department. Plaintiff failed to apply for the position when it was posted internally for HACC employees (during the first half of June 2003) and when it was open to the general public (with some revisions to the position's salary and responsibilities) on July 20, 2003. Plaintiff eventually applied after the application deadlines had passed, but admittedly was not interested in the position, gave a lackluster interview, and was not hired for the position. The second instance allegedly demonstrating Plaintiff's failure to mitigate occurred when Defendant Dick provided Plaintiff with a newspaper classified ad for a job for which he believed Plaintiff would be well-suited. Plaintiff, offended by this gesture, did not pursue the employment opportunity.

Plaintiff argues that she had not been definitively notified that her position in Student Accounts Office was being eliminated when Defendants presented these "options" and therefore had no reason so seek other employment. The Court is unpersuaded by Defendants' suggestion that an employer may, as a matter of law, avoid a claim for damages simply by informing a

12

potential plaintiff of a job opportunity.  Moreover, following her termination, Plaintiff applied for a number positions, including ones at Vartan Bank, the Pennsylvania Higher Education Assisting Agency, various temporary agencies, the New Cumberland Army Depot, the Mechanicsburg Navy Depot, and various civil-service positions, prior to obtaining a position at the Pennsylvania Department of Welfare in November 2004.  (Pl. Dep., Doc. No. 19-2, Ex. A, at 9, 21, .)  In light of the disputed facts surrounding, *inter alia*, the timing of the two employment opportunities presented to Plaintiff by Tisa Riley and Defendant Dick, and considering the efforts Plaintiff did take to mitigate her damages, the Court concludes that there exist genuine issues of material fact – whether Plaintiff took reasonable steps to mitigate her damages is a question to be resolved by the jury.

     An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARLA ELLIS,** | : | |
| | : | Civil Action No. 1:05-CV-2466 |
| **Plaintiff** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **HARRISBURG AREA COMMUNITY** | : | |
| **COLLEGE; THOMAS DICK;** | : | |
| **MEREDITH TULLY;** | : | |
| **BARBARA L. HUTCHINSON,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 31st of January, 2007, upon consideration of Defendants' Motion for Summary Judgment (Doc. No. 16), filed in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED IN PART** and **DENIED IN PART** as follows.  Plaintiff's claims for racial discrimination against Defendants Meredith Tully and Barbara Hutchinson are **DISMISSED**.  In all other respects, Defendants' motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that all claims against Defendants Tulli, Hutchinson, and Dick under Title VII are **HEREBY DISMISSED** with prejudice.

                                              s/ Yvette Kane
                                              Yvette Kane, Chief Judge
                                              United States District Court
                                              Middle District of Pennsylvania